**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

REGINALD L. BARNETT,
        Appellant,

      v.

UNITED STATES POSTAL SERVICE,
        Agency.

DOCKET NUMBER
AT-3330-15-0453-I-1

DATE: March 9, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>John R. Macon</u>, Memphis, Tennessee, for the appellant.

<u>Cynthia R. Allen</u>, Memphis, Tennessee, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of Board jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant filed an appeal alleging that the agency violated his rights under the Veterans Employment Opportunities Act of 1998 (VEOA) when it failed to allow him to compete for a Full-time Regular Mail Handler Position. Initial Appeal File (IAF), Tab 1.[2] It is undisputed that the appellant has held the position of Part-time Regular Mail Handler since April 2007. *Id*. at 27. In September 2013, the appellant submitted an application to the agency requesting to be converted to a Full-time Regular Mail Handler position. *Id*. The agency notified the appellant that he was not eligible to be converted to a Full‑time Regular Mail Handler because, under the terms of the Memorandum of Understanding with the National Postal Mail Handlers Union, only Part−time Flexible employees were allowed to convert to Full-time Regular Mail Handler positions. *Id*. at 48.

¶3 The administrative judge found that, because only internal candidates were allowed to compete for the positions at issue, the appellant failed to establish that

---

[2] The appellant also raised a claim under the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified at 38 U.S.C. §§ 4301‑4333) (USERRA). IAF, Tab 1 at 3, 9. However, the appellant's USERRA claim previously was dismissed for lack of jurisdiction in *Barnett v. U.S. Postal Service*, MSPB Docket No. AT-3443-14-0844-I-1, Initial Decision (Sept. 3, 2014). Because a petition for review was not filed, the initial decision became the Board's final decision on October 8, 2014.

the agency denied him the opportunity to compete under merit promotion procedures for a vacant position for which the agency accepted applications from outside its own work force.  IAF, Tab 13, Initial Decision (ID) at 4.  Thus, the administrative judge found that the Board does not have jurisdiction over the appellant's claim under VEOA.  *Id*.  The administrative judge further found that, even if she were to find that the Board has jurisdiction over the appellant's VEOA claim, VEOA does not grant the Board the authority to address his allegations that the agency violated the collective bargaining agreement (CBA) by failing to consider him for a Full-time Regular Mail Handler position.  *Id*.  Accordingly, the administrative judge dismissed the appeal for lack of jurisdiction.

¶4    The appellant has filed a petition for review in which he asserts that the administrative judge misinterpreted 5 U.S.C. § 3304(f), the statute that provides preference‑eligible individuals the right to compete for jobs within the Federal workforce.  Petition for Review (PFR) File, Tab 1.  The appellant argues that individuals holding Mail Handler Assistant positions, who were allowed to compete for full-time positions, should be considered outside the agency's workforce for VEOA purposes.  *Id*.  As discussed below, the appellant's arguments on review do not provide a basis for disturbing the initial decision.

¶5    The administrative judge correctly noted that, to establish Board jurisdiction over a "right to compete" VEOA claim under 5 U.S.C. § 3330a(a)(1)(B), the appellant must:  (1) show that he exhausted his remedy with the Department of Labor (DOL) and (2) make nonfrivolous allegations that (i) he is a veteran within the meaning of 5 U.S.C. § 3304(f)(1), (ii) the actions at issue took place on or after the December 10, 2004 enactment date of the Veterans Benefits Improvement Act of 2004, and (iii) the agency denied him the opportunity to compete under merit promotion procedures for a vacant position for which the agency accepted applications from individuals outside its own workforce in violation of 5 U.S.C. § 3304(f)(1).  ID at 3; *see Styslinger v. Department of the Army*, 105 M.S.P.R. 223, ¶ 31 (2007).

¶6        The administrative judge found that it was undisputed that the appellant is a veteran within the meaning of the statute and that the action at issue took place after 2004. ID at 3. The administrative judge found that it was unnecessary to resolve the issue of whether the appellant had exhausted his remedies with DOL because, even if he had, the record did not reflect that, for the position at issue, the agency accepted applications from individuals outside its own workforce. ID at 4.

¶7        We agree with the administrative judge's finding that the agency did not accept applications from individuals outside of its own workforce when it filled the Full-time Regular Mail Handler positions. Because the agency restricted the application process to internal candidates, the administrative judge correctly found that the appellant failed to establish that the agency denied him the opportunity to compete under merit promotion procedures for a vacant position for which the agency accepted applications from individuals outside its own workforce.

¶8        The appellant continues to argue that, for VEOA purposes, the Mail Handler Assistant Position should be considered outside of the agency's internal workforce because those positions are not career positions within the Federal workforce, and they do not receive the same rights and benefits of a Federal employee. PFR File, Tab 1. While we have considered the appellant's arguments on review, we discern no reason to substitute our assessment of the record evidence for that of the administrative judge. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105‑06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same). Specifically, we agree with the administrative judge's determination that, while the Mail Handler Assistant positions have lesser contractual or other employment

rights, it does not change the fact that the Mail Handler Assistants were a part of the agency's "regular" workforce when they competed for the positions.  ID at 4.

¶9        To the extent the appellant also challenges the CBA's provisions that supposedly preclude him from being considered for the Full-time Regular Mail Handler position, we agree with the administrative judge that VEOA does not grant the Board the authority to address the appellant's allegations that the agency violated the CBA when it failed to consider him for a Full-time Regular Mail Handler position.   ID at 4; *Ruffin v. Department of the Treasury*, 89 M.S.P.R. 396, ¶ 11 (2001) (explaining that VEOA does not grant the Board authority to consider violations of provisions unrelated to veterans' preference appeals). Accordingly, we conclude that the appellant has provided no basis upon which to disturb the initial decision.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in

title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.